UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  Case No. 24-cr-20205

v.                                     HON. THOMAS L. LUDINGTON
                                       United States District Judge

THOMAS ARTHUR VANDUINEN,

                                     HON. PATRICIA T. MORRIS
        Defendant.            United States Magistrate Judge
_____

**THE UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM**
_____

      VanDuinen's guilty plea to distribution of child pornography represents a plea to a serious offense VanDuinen committed but does not approach telling the entire story about VanDuinen's conduct that harmed the community. This conviction and the resulting sentence will represent the end of an era of VanDuinen exploiting young women with drug problems, something he did with the minor victim in this case and with numerous others. The Court should sentence VanDuinen to 20 years' imprisonment, a sentence that represents the guideline sentence in this matter.

    I.  Factual Background

      In February 2021, law enforcement received information that VanDuinen

had sexually assaulted MV-1 and had provided her with drugs. (PSR ¶ 15). On February 17, 2021, law enforcement executed a search warrant at VanDuinen's residence and office in Alpena, Michigan. (PSR ¶ 16). The search warrant authorized searching digital evidence. (*Id.*). On a computer tower located at VanDuinen's residence, law enforcement discovered numerous pornographic videos featuring MV-1, which VanDuinen had recorded himself on three different occasions of her engaging in sexual acts in VanDuinen's shop. (PSR¶¶ 17-18). In all of those instances, MV-1 was 16 years old. (PSR ¶ 17). In one of those instances, MV-1 was engaged in sex acts with MV-2, who was 15 years old. (PSR ¶ 17). In one of the videos, VanDuinen turns the camera upon himself and smiles. (PSR ¶ 18).

VanDuinen's cellular phone was also seized during the execution of the warrant. It contained communications that documented the nature of the relationship between MV-1 and VanDuinen. The text messages demonstrate that VanDuinen received and distributed sexually explicit photographs of MV-1, attempted to or successfully arranged for her to engage in acts of underage commercial sex acts, provided her with transportation to engage in a commercial sex act, encouraged her to commit sex acts for money and goods, and that

VanDuinen provided MV-1 with alcohol, drugs, and money. (PSR ¶¶ 20-27).[1]

While the PSR accurately describes the interactions between MV-1 and VanDuinen, VanDuinen's exploitation of minors and young women was not isolated to MV-1. One other female described having sex with VanDuinen for money and that VanDuinen would frequently provide her with drugs. Another minor recounted that VanDuinen requested nude images via Facebook messenger, and another witness confirmed that VanDuinen bragged about receiving nude photographs from this underage female. This adult female described a similar relationship as MV-1 and others did, with VanDuinen obtaining painkillers and providing money in exchange for sex. (Ex. A, filed under seal pursuant to protective order). VanDuinen found vulnerable and addicted young women and exploited their addiction to have sex with them and obtain nude photographs of them. This case is a result of this pattern of activity.

II. Procedural History

After initial being charged in state court, VanDuinen was charged federally on April 17, 2023, in a criminal complaint. (PSR ¶ 1). On April 17, 2024, a grand jury indicted VanDuinen for numerous child exploitation offenses. (PSR ¶ 4). A grand

---

[1] MV-1 admitted having sex with the male described in the text messages but denied receiving money and the male described in one of the text messages denied any sexual activity occurred, though the text messages cast serious doubt on those denials.

jury indicted VanDuinen for additional offenses involving additional victims on September 25, 2024. (PSR ¶ 6). On July 7, 2025, VanDuinen pleaded guilty to distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2).

III. 18 U.S.C. 3553 Factors

The relevant sentencing factors favor a 20-year sentence in this matter based on an analysis of the relevant 18 U.S.C § 3553, especially considering the facts and circumstances of his offense, his character, the need to protect the public, and to provide just punishment for his offense.

A. The nature and circumstances of the offense and the history and characteristics of the defendant. (18 U.S.C. § 3553(a)(1))

The nature and circumstances of this offense favor the guideline 240-month sentence. VanDuinen—as was his practice—found a young female that was troubled and with substance abuse problems. Instead of providing assistance or guidance, he used her for his sexual desires and to exploit her for his friends. VanDuinen filmed an underage female and an underage male engaged in sex acts- at a time when the male could not even lawfully engage in sexual conduct in the state of Michigan. He provided women with drugs in exchange for sex and money in exchange for sex. He impressed them with rides on his boat and plane. But these were not reciprocal relationships. VanDuinen got what he wanted from them—sex—but did so at the expense of their continued self-destruction. The nature and

circumstances of this offense overwhelmingly favor a guideline sentence.

VanDuinen's history and characteristics likewise favor a significant sentence. This is not the first time he has treated young women like objects for his sexual gratification. In 2002, he received a deferred prosecution agreement after he attempted to charge sex for rent at an apartment to two young women. (PSR ¶ 70). When recorded, he did not admit to the offense but instead taunted the officer for his face not being on the recording. (*Id.*). Normally, being a business owner in a community would be a positive attribute, providing jobs and income. But VanDuinen used his business as a vehicle to provide odd jobs on a cash basis to desperate young women that he eventually parlayed into them providing sex acts in exchange for money and drugs. Also weighing against VanDuinen is that it appears he diverted his own pain prescriptions to provide controlled substances to addicted young women. VanDuinen also falsely claimed that the Michigan State Police stole property from him in the execution of the search warrant in this matter. (PSR ¶ 71). He refused to accept responsibility in that matter and was convicted after trial. (*Id.*)

VanDuinen will likely claim that his characteristic of his advanced age (for a federal inmate) and litany of health conditions require a sentence vastly below the guidelines. First, VanDuinen's health at the time of the offenses was strong enough

5

to engage in sex acts with teenagers, fly them around in a plane, take them on boat rides, and videotape them engaged in sex acts. And he comes before this Court at an advanced age not because of a late-life momentary mistake, but from a pattern of behavior that he has engaged in for a long time. He is only before this Court at an advanced age because it took a very long time to hold him responsible for his actions. VanDuinen chose to exploit the most vulnerable and that does not favor a lower sentence for him.

- B. The need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. (18 U.S.C. § 3553(a)(2(A)).

These factors weigh heavily in this case and likewise favor a guideline sentence. A large variance would unjustly depreciate the seriousness of this offense, especially with the cross-references applied that VanDuinen has agreed to as part of the agreement. A variance would not promote respect for the law that when violated provides great harm to minors. And after VanDuinen has evaded punishment for so long, it would be decidedly unjust to provide him with a large variance from the guideline sentence.

- C. Affording adequate deterrence. (18 U.S.C. § 3553(a)(2)(B))

Given VanDuinen's age, it is likely that specific deterrence is not the guiding factor for this sentence. But that does not mean deterrence plays no role. Because it

nevertheless remains important to let those who would seek to exploit the vulnerable, to capitalize on addiction for their sexual desires, and facilitate self-destruction that it will not be tolerated. Deterrence favors a guideline sentence.

D. To protect the public from further crimes of the defendant. (18 U.S.C. § 3553(a)(2)C)

VanDuinen will argue that this factor overwhelmingly favors a large variance given his age and health. But there are two issues with this argument. First, this is only one of the many factors that a Court utilizes in determining a sentence. Second, VanDuinen's only needs a camera or internet access and sexual desire to further commit further offenses of this nature. There is no guarantee that his health will not allow him to commit further child pornography related offenses.

E. To provide the defendant with educational training, medical care or correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(D).

VanDuinen will likely argue that his health needs require an abbreviated sentence. But there is no indication that his medical needs have not been adequately addressed while in custody as the list of medications that he is currently provided is extensive. (PSR ¶ 96). It is likely he will have his medical issues addressed even more effectively within the Bureau of Prisons. And this factor would warrant greater attention from the Court if VanDuinen had committed a minor offense or a low level felony without direct harm to victims. But he did not.

VanDuinen exploited minors and caused harms that cannot be undone. For that reason, the other sentencing factors, especially those requiring that the sentence reflect the serious nature of the offense and provide just punishment, loom the largest in this case.

IV. Conclusion

VanDuinen exploited the weakest and most vulnerable young women and minors that he could find. He has harmed his community and the lives of the young women that he "employed." He asks this Court for assistance that he never provided to them. The Court should deny it.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | JEROME F. GORGON JR.<br>United States Attorney |
| Dated:   October 20, 2025 | s/ Christopher W. Rawsthorne<br>Assistant United States Attorney<br>600 Church Street, Suite 210<br>Flint, MI  48502<br>(810) 766-5177<br>Christopher.rawsthorne@usdoj.gov |

## *CERTIFICATION OF SERVICE*

      I hereby certify that on, October 20, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will electronically serve all ECF participants.

                                                      s/Jessica Stanton  
                                                      United States Attorney's Office