UNITED STATES DISTRICT CORUT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    *Plaintiff,*　　　　　　　　　　　CASE NO. 1:24-cr-20205

v.　　　　　　　　　　　　　　　　HON. THOMAS L. LUDINGTON

THOMAS VANDUINEN,

    *Defendant.*

---

## DEFENDANT'S SENTENCING MEMORANDUM

At 73 years old, Thomas Vanduinen's life is nearing its end. He acknowledges that he will spend significant time in prison for his actions and that such punishment is justified. However, he respectfully requests that the Court show a measure of mercy by imposing the mandatory minimum sentence of five years' imprisonment, with a recommendation to the Bureau of Prisons (BOP) for release to home confinement under applicable programs for elderly and infirm inmates. The central question before the Court is whether a sentence exceeding the five-year mandatory minimum is greater than necessary to satisfy the factors under 18 U.S.C. § 3553(a). For the reasons outlined below, a sentence of five years' imprisonment followed by a 5 year term of supervised release with conditions that include, but are not limited to, home incarceration is sufficient but not greater than necessary to address the offenses.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On April 18, 2023, Mr. Vanduinen appeared before the Court on a Complaint charging Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2251(a). ECF 1. The allegations arose from a 2021 Michigan State Police investigation revealing Mr. Vanduinen's ongoing sexual relationship with a 17-year-old female minor. Id. The case, originally filed in Michigan's 26th Circuit Court, was adopted by the United States Attorney's Office for federal prosecution.

On April 17, 2024, the government indicted Mr. Vanduinen on three counts of sexual exploitation of children, in violation of 18 U.S.C. § 2251(a); one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). ECF 29. Several months later, the government filed a Superseding Indictment charging five counts of sexual exploitation of children, in violation of 18 U.S.C. § 2251(a); one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B); one count of abusive sexual contact of a child, in violation of 18 U.S.C. § 2244(a)(3) and 49 U.S.C. § 46506; one count of coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b); one count of attempted coercion and enticement, in violation of 18 U.S.C. § 2422(b); and one count of distribution of a controlled substance (hydrocodone), in violation of 21 U.S.C. § 841(a). ECF 36.

2

On July 7, 2025, Mr. Vanduinen entered into a Rule 11 plea agreement, accepting responsibility and pleading guilty to distribution of child pornography—a charge carrying a mandatory minimum five-year prison sentence. ECF 76. For guideline calculation purposes, Mr. Vanduinen stipulated to committing Count Three of the Superseding Indictment (Sexual Exploitation of a Minor). In exchange, the government agreed to dismiss the remaining counts, including the stipulated offense in Count 3. Id.

## U.S.S.G. §§ 5H1.1 AGE & 5H1.4 PHYSICAL CONDITION

"Age may be relevant in determining whether a departure is warranted. Age may be a reason to depart downward in a case in which the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration. . . . Physical condition, which may be related to age, is addressed at §5H1.4 (Physical Condition, Including Drug or Alcohol Dependence or Abuse; Gambling Addiction)." U.S.S.G. § 5H1.1.

"Physical condition or appearance . . . may be relevant in determining whether a departure is warranted, if the condition or appearance, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines. An extraordinary physical impairment may be a reason to depart downward; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment." U.S.S.G. § 5H1.4.

3

Mr. Vanduinen fits the profile contemplated by the Sentencing Commission in §§ 5H1.1 and 5H1.4. At 73 years old, he meets the age criterion. However, it is his declining mental and physical health that renders his situation extraordinary and warrants a downward departure and/or variance to the statutory minimum. Since his incarceration, Mr. Vanduinen has suffered a series of strokes, resulting in speech and balance impairments. Consequently, his mobility is severely restricted, and he is wheelchair-bound. Additionally, Mr. Vanduinen has a history of heart issues (including heart valve problems and premature ventricular contractions), atrial fibrillation (for which he underwent cardioversion in 2023), sleep apnea (requiring CPAP), fibromyalgia, migraines, arthritis, prior discectomy, gastroesophageal reflux disease, anxiety, depression, hearing impairment, and allergies and is overweight. See Sealed Exhibit 1.

The average life expectancy for American males at birth is 75.8 years. According to Dr. Scott Kush, who reviewed Mr. Vanduinen's medical records, Mr. Vanduinen has approximately 10 years of life remaining. During this period, his conditions are expected to worsen. The combination of heart problems and atrial fibrillation heightens his stroke risk, particularly given his recent stroke history. Studies indicate that individuals with atrial fibrillation are five times more likely to suffer strokes.[1] His sleep apnea further exacerbates this risk, as it is a known

---

[1] https://www.ama-assn.org/public-health/population-health/what-doctors-wish-patients-knew-about-atrial-fibrillation#:~:text=Atrial%20fibrillation%20"causes%20the%20upper,a%20major

contributor to strokes.[2] Moreover, his fibromyalgia and limited mobility compound these issues.[3] The inability to exercise or walk consistently increases the likelihood of heart failure, additional strokes, worsened atrial fibrillation, and aggravation of other conditions. In summary, Mr. Vanduinen's health will not improve; his care will be complex and costly, burdening a BOP system already facing budget constraints and austerity measures.[4]

Keeping infirm elderly people behind bars can cost up to three times more than imprisoning younger offenders. Molly Fairchild James, *The Sentencing of Elderly Criminals,* 29 Am. Crim.L.Rev. 1025, 1040 (1992). As a general matter, as well as being costly, imprisonment is not efficacious particularly where the offender is not as likely to commit future crimes as a younger offender. The author noted that the average cost of imprisonment for elderly inmates is $60,000 annually, compared to $20,000 annually for the confinement of younger inmates. Indeed, the Commission permits home confinement as an alternative form of

---

%20complication%20of%20AFib.; https://www.stroke.org.uk/stroke/managing-risk/atrial-fibrillation#
[2] https://iuhealth.org/thrive/isr-the-hidden-link-between-sleep-apnea-and-stroke-risk
[3] https://www.healthrising.org/blog/2015/09/23/heart-disease-fibromyalgia-chronic-fatigue-syndrome/#:~:text=Despite%20some%20negative%20risk%20factors,apnea%20are%20probably%20good%20ideas
[4] https://www.corrections1.com/federal-prison/bop-slashes-retention-bonuses-cutting-pay-for-thousands-of-prison-staff#

punishment when home confinement of an elderly and infirm defendant is "equally efficient as and less costly than incarceration." §5H1.1.

Mr. Vanduinen's age and ailments align with the Sentencing Commission's concerns in §§ 5H1.1 and 5H1.4, which emphasize alternatives like home confinement for elderly and infirm defendants where such options are more efficient and cost-effective than full incarceration. While the mandatory minimum requires imprisonment, a sentence at the five-year minimum, coupled with supervised release that requires home incarceration would address these factors.

Courts in the Sixth Circuit and beyond have recognized similar circumstances as grounds for downward departures or variances.

- In *United States v. Sabino*, 274 F.3d 1053 (6th Cir. 2001), a 72-year-old defendant with eye and ear ailments, combined with other factors, justified a downward departure under §§ 5H1.1 and 5H1.4.

- In *United States v. Tocco*, 200 F.3d 401 (6th Cir. 2000), a 70-year-old defendant with heart problems, diabetes, and hypertension received a four-level downward departure under §§ 5H1.1 and 5H1.4 (contributing to a total 10-level departure) for RICO violations.

- In *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004), an 82-year-old defendant with emphysema, anemia, and coronary artery disease received an 11-level downward departure under §§ 5H1.1 and 5H1.4 for marijuana offenses, resulting in probation instead of 21-27 months' imprisonment.

- In *United States v. Gray*, 453 F.3d 1323 (11th Cir. 2006), a 64-year-old defendant with depression and suicide attempts received a variance from 151 months to 72 months for child pornography distribution, considering age and health under § 3553(a).

- In *United States v. Martin*, 363 F.3d 25 (1st Cir. 2004), a defendant with fragile health (multiple serious conditions shortening life expectancy) received a three-level departure under § 5H1.4 for tax fraud, as incarceration would unduly burden medical needs.

- In *United States v. Gigante*, 989 F. Supp. 436 (E.D.N.Y. 1998), a 69-year-old defendant with heart issues received a departure from 262 months to 144 months under §§ 5H1.1 and 5H1.4.

- In *United States v. Long*, 977 F.2d 1264 (8th Cir. 1992), a vulnerable defendant received a departure to one year of home detention under § 5H1.4, based on health risks in prison.

- In *United States v. Rioux*, 97 F.3d 648 (2d Cir. 1996), a defendant with severe kidney disease received a departure to probation under § 5H1.4.

- In *United States v. Baron*, 914 F. Supp. 660 (D. Mass. 1995), a 76-year-old with worsening medical conditions received a departure to probation from 27-33 months under §§ 5H1.1 and 5H1.4.

- In *United States v. Roth*, 1995 WL 35676 (S.D.N.Y. Jan. 30, 1995), a 63-year-old with profound physical impairment from neuromuscular disease received a downward departure under § 5H1.4.

- In *United States v. Gee*, 226 F.3d 885 (7th Cir. 2000), a defendant whose health posed substantial risks in prison received a departure under § 5H1.4.

- In *United States v. White*, 506 F.3d 635 (8th Cir. 2007), an older defendant with deteriorating health and low recidivism risk received a variance in a child pornography case under § 3553(a).

These cases demonstrate that age and extraordinary health impairments warrant leniency, particularly where incarceration exacerbates conditions and/or imposes undue costs. Although the mandatory minimum precludes probation, a sentence at the five-year floor, with a supervised release that requires home confinement, aligns with this precedent.

### 18 U.S.C. § 3553(a) FACTORS

**A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

The offenses are undeniably serious, involving the exploitation of minors and warranting substantial penalties to deter similar conduct. Prior to these events,

Mr. Vanduinen led a quiet life, maintaining a 28-year relationship with his fiancée, Mavis DeRocher, who has supported him throughout and is willing to care for him if released. He also stays in contact with his sister-in-law and sister in Devens, Massachusetts. His severe infirmities would prevent flight or further criminal activity, rendering him effectively homebound.

### B. To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment

The Presentence Investigation Report (PSIR) outlines reasons for lengthy punishment, with guidelines exceeding the 20-year statutory maximum and a five-year mandatory minimum imprisonment, plus five years to life on supervised release. PSIR ¶¶ 114, 121. However, guidelines and case law permit consideration of alternatives for cases like Mr. Vanduinen's. A five-year sentence reflects the offense's gravity while incorporating mercy, addressing medical needs efficiently, and minimizing costs.

### C. To Afford Adequate Deterrence to Criminal Conduct and Protect the Public From Further Crimes of the Defendant

A five-year prison term deters Mr. Vanduinen and protects the public. His poor health and lack of resources further ensure incapacity for future crimes. Any violation post-release would trigger revocation, providing recourse and immediate incarceration in prison.

### D. To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

8

This factor echoes §§ 5H1.1 and 5H1.4, prioritizing effective and cost-effective medical care. A minimum sentence with BOP recommendations for specialized placement or early home release ensures cost-effective treatment, supported by Ms. DeRocher's caregiving.

## CONCLUSION

Mr. Vanduinen's circumstances are extraordinary, marked by advanced age and declining health requiring costly care. While the mandatory minimum mandates imprisonment, the guidelines and precedent support a sentence no greater than five years, with recommendations for BOP accommodations. This approach satisfies § 3553(a) without excess.

WHEREFORE, Thomas Vanduinen respectfully requests a sentence of five years' imprisonment, followed by supervised release with a condition of home incarceration.

Respectfully Submitted,

SMITH MIHAS PLLC

*/s/ Haralambos D. Mihas*
Haralambos D. Mihas, P66417
467 Eureka Road, Suite 1
Wyandotte, Michigan 48192
(734) 692-3033 (Office)
(734) 692-3535 (Facsimile)
hdmihas@smithmihas.com (Email)

*Counsel for Thomas Vanduinen*

Dated: October 20, 2025

## CERTIFICATE OF SERVICE

I, Haralambos D. Mihas certify that on October 20, 2025, I electronically filed the aforementioned Motion with the Clerk of the Court and served all interested parties through the Court's CM/ECF Electronic Filing and Service System.

*/s/ Haralambos D. Mihas*
Haralambos D. Mihas, P66417
*Counsel for Thomas Vanduinen*
